IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **LARRY NORMAN DOBSON, JR.,**<br><br>*Plaintiff*,<br><br>v.<br><br>**CITY OF ANNAPOLIS, MARYLAND,** *et al.*,<br><br>*Defendants*. | Case No. 1:25-cv-03128-JRR |

**MEMORANDUM AND ORDER**

Plaintiff Larry Norman Dobson, Jr., a self-represented litigant, filed a Complaint (ECF No. 1), together with a Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 2). Because Plaintiff appears indigent, the Motion (ECF No. 2) will be granted. However, for the reasons set forth below, Plaintiff's Complaint will be dismissed.

Plaintiff initiated this action *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1), which permits a litigant who is indigent to commence an action in this court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous, malicious, or fails to state a claim on which relief may be granted.[1] 28 U.S.C. § 1915(e)(2)(B)(i), (ii). Further still, "[f]rivolous complaints are subject to dismissal pursuant to the court's inherent authority, even when the plaintiff has paid the filing fee." *Smith v. Kagan*, 616 F. App'x 90 (4th Cir. 2015); *see Chong Su Yi v. Soc. Sec. Admin.,* 554 F. App'x 247, 248 (4th Cir. 2014) (same); *Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012) (same).

---

[1] This court is mindful of its obligation to liberally construe the pleadings of self-represented litigants, such as the instant Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a complaint, the factual allegations are assumed to be true. *Id*. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)).

This action seemingly arises from criminal charges for embezzlement and theft brought against Plaintiff in Anne Arundel County, Maryland. (ECF No. 1 ¶ 1.) He claims he "was never properly served," and that "confidential information was exposed to third parties . . . , causing reputational harm before lawful adjudication." *Id.* ¶ 2. He alleges that "[t]he complainant Attorney had a prior adverse relationship with [him], creating a conflict of interest," and that "[a]t least one Commissioner's signature on charging documents appeared fraudulent or forged." *Id.* ¶¶ 3–4. Ultimately, the charges against him were "dismissed in full." *Id.* ¶ 1. Plaintiff avers that the fact that his "record was removed from Maryland Case Search" despite him not consenting to a waiver of his right to sue, "rais[es] concerns about concealment and fraud." *Id.* ¶ 5. Ultimately, Plaintiff claims "Defendants acted jointly and under color of law, intending to injure [his] reputation, employment, and liberty interests." *Id.* ¶ 6. He alleges that he "has suffered emotional distress, humiliation, financial loss, and irreparable harm to reputation, dignity, and privacy." *Id.* at p. 3.

Plaintiff brings the following counts:

> Count I: Due Process & Equal Protection (42 U.S.C. § 1983)
> Count II: Privacy/Unlawful Disclosure (42 U.S.C. § 1983)
> Count III: Civil Conspiracy (42 U.S.C. §§ 1985, 1986)
> Count IV: Municipal (*Monell*) Liability (42 U.S.C. § 1983)
> Count V: Malicious Prosecution (Federal and Maryland Law)
> Count VI: Intentional Infliction of Emotional Distress
> Count VII: Deprivation of Rights under Color of Law (42 U.S.C. § 1983)
> Count VIII: Coercion/Unlawful Condition (42 U.S.C. § 1983)

(ECF No. 1 at pp. 2–3.)

Although a complaint need not contain detailed allegations, the facts alleged must be enough to raise a right to relief above the speculative level and require "more than labels and conclusions," as "'courts are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must

contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.  Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id*. at 561.  Further, under Federal Rule of Civil Procedure 8(a), a pleading which sets forth a claim for relief, shall contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought.

FED. R. CIV. P. 8(a).  Each "allegation must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1).  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

### A. Impermissible Group Pleading

As an initial matter, Plaintiff's Complaint fails to comport with Rule 8 because he has employed impermissible group pleading.  While the Fourth Circuit has not "categorically foreclose[d] the possibility that a complaint that makes allegations collectively against 'Defendants' may sometimes survive a motion to dismiss," such a pleading is insufficient where a plaintiff fails to allege "sufficient facts to allow the court to infer liability as to *each* defendant." *Langford v. Joyner*, 62 F.4th 122, 126 (4th Cir. 2023) (emphasis in original) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)).  A pleading cannot simply "lump[] [Defendants] together in the complaint without sufficient detail," or further without "alleging any facts specific to each entity." *Wormack v. Caesars Baltimore Mgmt. Co., LLC*, No. 1:22-CV-01108-SAG, 2022 WL 2668183, at *5 (D. Md. July 11, 2022) (quoting *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015), *as amended on reh'g in part* (Oct. 29, 2015)).  Plaintiff here has not alleged facts

to connect any of the asserted Defendants to the factual allegations at issue. In so doing, he has failed to present specific factual allegations that give each defendant "fair notice to *that* defendant of the plaintiff's claim and the underlying factual support." *Langford*, 62 F.4th at 125 (emphasis in original). On this basis alone, Plaintiff has failed to state a claim.

### B. 42 U.S.C. § 1983 Claims

Even absent the group pleading issues discussed above, Plaintiff's Complaint is still properly subject to dismissal because he fails to allege sufficient facts to raise plausible claims. The court turns first to Plaintiff's multiple § 1983 claims.

#### 1. *Due Process and Equal Protection*

Plaintiff's Count I seemingly asserts Fourteenth Amendment claims under 42 U.S.C. § 1983. Relevant here, the Due Process Clause of the Fourteenth Amendment prohibits states from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. CONST. AMEND. XIV, § 1. The Equal Protection Clause of the Fourteenth Amendment further prohibits states from "deny[ing] to any person within its jurisdiction the equal protection of the laws." *Id.* Plaintiff's Complaint is devoid of facts to support a plausible claim under either clause.

As to any asserted due process claim, "[t]he Due Process Clause does not constitute a catch-all provision that provides a remedy whenever a state actor causes harm." *Evans v. Chalmers*, 703 F.3d 636, 647 n.2 (4th Cir. 2012). "In order to claim entitlement to the protections of the due process clause—either substantive or procedural—a plaintiff must first show that he has a constitutionally protected 'liberty' or 'property' interest, and that he has been deprived of that protected interest by some form of state action." *Stone v. Univ. of Maryland Med. Sys. Corp.*, 855 F.2d 167, 172 (4th Cir. 1988) (citations omitted)). Even assuming without deciding Plaintiff identifies a cognizable liberty or property interest, Plaintiff has not alleged facts to support that

4

any interest has been deprived by state action—he does not assert facts (accepted as true) sufficient to allege that Defendants employed constitutionally inadequate procedures to deprive him of a life, liberty, or property interest, nor facts (accepted as true) to allege any behavior by a Defendant, let alone behavior "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Dean for & on behalf of Harkness v. McKinney*, 976 F.3d 407, 413 (4th Cir. 2020) (quoting *Terrell v. Larson*, 396 F.3d 975, 978 (8th Cir. 2005)).

Further, to state a claim for violation of the Equal Protection Clause, "a plaintiff must plausibly allege first 'that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination.'" *Fauconier v. Clarke*, 966 F.3d 265, 277 (4th Cir. 2020) (citation omitted). Plaintiff has not alleged any facts to support same here.

### 2. Fourth Amendment Claims (Counts II, V, and VII)

The court interprets Plaintiff's Counts II, V, and VII, brought under § 1983, to be rooted in the Fourth Amendment. The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. AMEND. IV. Of note for Plaintiff's allegations, "[a] 'malicious prosecution claim under § 1983 is properly understood as a Fourth Amendment claim for unreasonable seizure which incorporates certain elements of the common law tort.'" *Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012) (quoting *Lambert v. Williams,* 223 F.3d 257, 261 (4th Cir. 2000)). Plaintiff has failed to allege facts to support any Fourth Amendment violations here. First, with regard to his claims of deprivation of right based upon malicious prosecution (both federal and state),[2] he fails

---

[2] This analysis is similarly applicable to Plaintiff's common law malicious prosecution claim. *See Heron v. Strader*, 361 Md. 258, 264 (2000) (describing the elements of a common law malicious prosecution claim as "1) a criminal proceeding instituted or continued by the defendant against the plaintiff; 2) without probable cause; 3) with malice,

5

to allege that he was seized pursuant to a legal process unsupported by probable cause.[3] *See Hupp v. Cook*, 931 F.3d 307, 324 (4th Cir. 2019) (quoting *Evans*, 703 F.3d at 647).  Second, with regard to his claims of deprivation of rights based on "privacy," Plaintiff has not alleged that Defendants invaded his reasonable expectation of privacy, nor do his factual allegations (broadly construed) support a showing of same.

### 3. *Municipal (*Monell*) Liability*

Plaintiff's Count IV asserts a *Monell* claim against the City of Annapolis.  However, Plaintiff fails to allege any facts in support of same.  In *Monell v. Department of Social Services*, the Supreme Court concluded that Congress intended "municipalities and other local government units to be included among those persons to whom § 1983 applies." 436 U.S. 658, 690 (1978).  In asserting a *Monell* claim, a plaintiff must "adequately plead . . . the existence of an official policy or custom that is fairly attributable to the municipality and that proximately caused the deprivation of their rights." *Jordan by Jordan v. Jackson*, 15 F.3d 333, 338 (4th Cir. 1994).  Such claims consist of two components: "(1) the municipality had an unconstitutional policy or custom; and (2) the unconstitutional policy or custom caused a violation of the plaintiff's constitutional rights." *Saltz v. City of Frederick*, 538 F. Supp. 3d 510, 554 (D. Md. 2021) (citing *Bd. of Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997)).  Plaintiff has alleged no facts to support any claim of *Monell* liability here, and his factual allegations (accepted as true) do not support a showing of same.

---

or with a motive other than to bring the offender to justice; and 4) termination of the proceedings in favor of the plaintiff").

[3] To be sure, Plaintiff alleges a possible "conflict of interest" and possible "fraudulent or forged" signature on a charging document; however, the speculative allegations are conclusory in nature. (ECF No. 1 ¶¶ 4, 6.)  Further still, Plaintiff fails to allege any facts to provide necessary context for these allegations and, crucially, to link those allegations to Defendants.  Indeed, this is all the more material with Plaintiff's alleged possibility of fraud, an allegation that must be pled with particularity.  *See* FED. R. CIV. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.").

### 4. *Coercion or Unconstitutional Condition*

With regard to Plaintiff's Count VIII, the court is unable to discern the factual or legal basis of Plaintiff's asserted claim. To the extent it is based on the unconstitutional conditions doctrine that bars the government from "deny[ing] a benefit to a person because he exercises a constitutional right," *see Regan v. Tax'n With Representation of Wash.*, 461 U.S. 540, 545 (1983), Plaintiff has alleged no such denial of a benefit (or, seemingly, exercise of a constitutional right). To the extent it is based on unconstitutional conditions of confinement, he has alleged no such confinement or unconstitutional condition. The court similarly is unable to discern the legal or factual basis for Plaintiff's asserted coercion claim under § 1983.

### C. Claims under 42 U.S.C. § 1985 and § 1986

Plaintiff similarly fails to allege facts to support his Count III brought under 42 U.S.C. §§ 1985 and 1986. The Supreme Court has recognized the five broad categories of conspiratorial activity under §1985:

> Three of the five broad categories, the first two and the fifth, relate to institutions and processes of the federal government—federal officers, § 1985(1); federal judicial proceedings, the first portion of § 1985(2); and federal elections, the second part of § 1985(3). The statutory provisions dealing with these categories of conspiratorial activity contain no language requiring that the conspirators act with intent to deprive their victims of the equal protection of the laws. Nor was such language found in the corresponding portions of § 2 of the 1871 Act. . . .
>
> The remaining two categories, however, encompass underlying activity that is not institutionally linked to federal interests and that is usually of primary state concern. The second part of § 1985(2) applies to conspiracies to obstruct the course of justice in state courts, and the first part of § 1985(3) provides a cause of action against two or more persons who "conspire or go in disguise on the highway or on the premises of another." Each of these portions of the statute contains language requiring that the conspirators' actions be motivated by an intent to deprive their victims of the equal protection of the laws.

7

*Kush v. Rutledge*, 460 U.S. 719, 724–25 (1983) (footnotes omitted). For the categories that invoke deprivation of equal protection, "there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971); *see Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 269 (1993) (discussing same).

The first three § 1985 categories discussed are inapplicable here, as Plaintiff has not alleged conspiracies related to the institutions and processes of the federal government. Of the latter two categories, Plaintiff has not alleged any "racial, or perhaps otherwise class-based invidiously discriminatory animus." *See Griffin*, 403 U.S. at 102, *supra*. Moreover, Plaintiff has otherwise not alleged any facts to support any of the § 1985 bases described above.

Where Plaintiff has failed to allege wrongful conduct under § 1985, he similarly has failed to state a viable claim under § 1986, which provides, in relevant part:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action . . .

42 U.S.C. § 1986. *See Strickland v. United States*, 32 F.4th 311, 360 (4th Cir. 2022) ("Section 1986 claims are therefore derivative of § 1985 violations.") (quoting *Park v. City of Atlanta*, 120 F.3d 1157, 1159–60 (11th Cir. 1997)).

8

### D. Intentional Infliction of Emotional Distress

Finally, Plaintiff's Count VI similarly fails to include the requisite factual basis to state a plausible claim that Defendants each subjected him to intentional infliction of emotional distress. "To state a prima facie case of intentional infliction of emotional distress, a plaintiff must allege facts showing that: (1) the conduct in question was intentional or reckless; (2) the conduct was extreme and outrageous; (3) there was a causal connection between the conduct and the emotional distress; and (4) the emotional distress was severe." *Rubino v. New Acton Mobile Indus., LLC*, 44 F. Supp. 3d 616, 624 (D. Md. 2014) (citing *Harris v. Jones*, 281 Md. 560, 566 (1977)). Plaintiff's Complaint fails to allege any factual allegations of actions taken by Defendants. It similarly is not clear the asserted conduct at issue that was intentional, reckless, extreme, and outrageous. Moreover, Plaintiff's assertion of "emotional distress" and "humiliation" is insufficient to support his claim. *See Grant v. Atlas Rest. Grp., LLC*, No. CV GLR-20-2226, 2021 WL 2826771, at *5 (D. Md. July 7, 2021) ("In the context of an IIED claim, 'mere allegations of emotional trauma or humiliation are insufficient.'") (quoting *Solis v. Prince George's Cnty.*, 153 F.Supp.2d 793, 804 (D. Md. 2001)).

In view of the foregoing, Plaintiff has failed to allege facts in support of each of his claims and against each Defendant. The court will therefore dismiss his Complaint without prejudice pursuant to 28 U.S.C. § 1915(a)(1). Accordingly, it is this 8th day of October 2025,

**ORDERED** that the Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 2) shall be, and is hereby, **GRANTED**; and further it is

**ORDERED** that Plaintiff's Complaint (ECF No. 1) shall be, and is hereby, **DISMISSED without prejudice**; and further it is

**ORDERED** that Madam Clerk shall **CLOSE** this case and furnish a copy of this order to Plaintiff.

/S/

_____
Julie R. Rubin
United States District Judge